**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PREETINDER KALEKA and MARIA NICOLASA ANDRADE,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-73395

Agency Nos.     A072-675-798
                A076-494-489

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2013[**]
San Francisco, California

Before: FARRIS, BLACK[***], and IKUTA, Circuit Judges.

Preetinder Kaleka appeals the Board of Immigration Appeals's ("BIA")

decision denying asylum, withholding of removal, and relief under the United

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

Nations Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

The IJ and BIA did not err in concluding that the government rebutted the presumption that Kaleka had a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2). The Country Reports stated that low-level members of the All India Sikh Student Federation (AISSF) are not subject to persecution by the Indian government, and that the treatment of Sikhs in the Punjab region had improved substantially. In light of these reports, the IJ's rejection of Kaleka's testimony that he is an ordinary member of the AISSF, but nevertheless the police have been looking for him every month for 17 years, was supported by substantial evidence. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005). This adverse credibility finding is further supported by Kaleka's failure to corroborate his claim, despite such corroboration being easily available. *See Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir. 2000). Further, the Country Reports support the IJ's and BIA's conclusion that the government carried its burden of showing that Kaleka could safely relocate within India to avoid persecution. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003).

Kaleka failed to argue that he qualified for protection under the Convention Against Torture or a grant of humanitarian asylum in his brief on appeal, and these

claims are therefore waived.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

**PETITION DENIED.**